**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case #_____

Adem Albra

                                        **Plaintiff,**

v

FL Attorney General,
And Leslie Szendy, individually
                                        **Defendants**

FILED BY _____ D.C.

JUN 11 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**JURY TRIAL DEMANDED**

## COMPLAINT

Petitioner, Adem Albra, hereby moves this court for deprivation of Constitutional Rights, 42 U.S.C. 1983, 14th Amendment Due Process protections particularly as it pertains to restraining orders, Title II of the ADA, and 504 of the Rehabilitation Act of 1973 against the FL Attorney General, Defendant; and, actions against co-Defendant, for 42 USC 1983. **A trial by jury is demanded**.

## FACTS

42 U.S.C. 1983 – Attorney General

1, The State of Florida's Attorney General is the Chief Law Enforcement Officer of the State of Florida.

2. Florida receives direct funding from the US Department of Justice.

3. Despite receiving this direct funding from the DOJ, which requires the State of Florida to adopt the US DOJ definitions, rules, and regulations, the AG failed to adopt the DOJ's definition of Domestic Violence which states that a charge of domestic violence must include criminal charges of either a misdemeanor or felony.

1

4. On May 29, 2019, Albra's roommate, co-Defendant, Leslie Szendy, filed for a Domestic Violence temporary restraining order against Albra, swearing under penalties of perjury, that Albra had thrown knives at him at an incident in which Szendy called police on March 11, 2019.

5. On March 11, 2019, the police were called by Szendy claiming that Albra was abusing one of the dog by not putting it to sleep. Yet, the dog belonged to Szendy and he had exclusive ownership and control. As a result of these false report to police, Albra was restrained for over 3 and ½ hours by Broward County Sheriff.

6. While the deputies were still on the property, Szendy, realizing he was unsuccessful in his attempts to get Albra arrested, immediately picked up the phone and called police saying that Albra was throwing knives at him. Police immediately returned inside the residence to find out Szendy's claim to be fictitious as no charges were filed against Albra, and, in fact, Albra was not even questioned about the matter.

7. The State of Florida had a scheduled hearing today, June 11, 2019, but decided to postpone the date til June 24, 2019 pursuant to Szendy's attorneys request that was granted.

8. During this continuance, and despite Albra's objection to this continuance, the Court granted the continuance, not based on a fair hearing pertaining to the initial charge, but pursuant to Szendy's claims of violations of a protection (which should not exist in the first place – sine qua non).

9,. Therefore, the State Attorney General has forfeited the State of Florida's immunity by not providing the necessary Due Process in the allotted time.

10. Moreover, Szendy and through his attorney, deliberately choose to deprive Albra of his interests his property pursuant to Florida Statutes. Florida Statutes expressly state as it pertains to restraining orders at FL Statute 741.30(i), "(i) Nothing in this section shall affect the title to any real estate."

Title of real estate includes full enjoyment of property including having friends over, or renting out the property. The Defendants here are depriving Albra contrary to Fl Statutes and US Constitution, property interest without due process.

11. Albra is disabled, and made requests to State AG to accommodate him with earlier dates as he is homeless as a result of AG's failures, yet this had been refused.

## ALL COUNTS

### Attorney General of Florida & Leslie Szendy

1. Causes Albra unnecessary physical harm by not following the DOJ definition of domestic violence despite receiving DOJ monies.

2. Failed to provide a hearing in the time allotted; hence, waives immunity pursuant to US code, and deprives Albra of the required 14th Amendment protections.

3. Deprives Albra of his property and liberty interest contrary to the US Constitution.

4. Has demonstrated an unwillingness to provide Albra a fair trial, as the postponed hearing is to deal with violations of the restraining order, instead of

the restraining order itself. Albra was "cut off" by the Defendant in attempts to ask for clarification of charges. A transcript of proceedings proves a fair trial for Albra is not intended contrary to the US Constitution.

5. The AG refused all requests for reasonable accommodation which neither imposed an undue hardship or cost any additional monies, as requests for an earlier hearing date imposes neither.

6. The AG allowed Szendy to lie to police, file a false domestic violence restraining order, and refused to accept a Complaint from Albra regarding false charges and abuse of process by Szendy which are misdemeanor and felony charges respectively, depriving Albra of Equal Protection under the Law.

7. Szendy and the AG are refusing Albra 'title' to his property which includes renting out the property, and allowing his friends in the property. This violates Florida Statutes as stated above.

Plaintiff also respectfully requests that this Court allow him to amend the complaint as Albra intends to file for Injunctive Relief into this matter.

Submitted this 11th day of June 2019.

I hereby affirm the above to be true and correct under penalties of perjury this 11th day of June 2019.

Adem Albra, pro se
860 NE 34th Street
Fort Lauderdale, FL 33334
954-638-8190
adem albra @ hstorical. con

4

## CERTIFICATE OF SERVICE

I hereby affirm the above was sent to the Defendants in this case. Szendy's

attorney – via email listed below; and, the Attorney General at address at the Capitol

of Florida.

I hereby affirm the above to be true and correct under penalties of perjury this

11th day of June 2019.

Adem Albra, pro se
860 NE 34th Street
Fort Lauderdale, FL 33334
954-638-8190
ademalbra @ hotmail.com

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _____ CV/CR _____
(Judge's Last Name/Magistrate's Last Name)

Adem Albra / Plaintiff(s)

(Full Name of Plaintiff/s)

v.

Attorney General of FL +

Leslie Szenly /Defendant(s)

(Full Name of Defendant/s)

## CERTIFICATION OF EMERGENCY

I hereby certify that, as a member of the Bar of this Court, I have carefully examined this matter and it is a true emergency.

I further certify that the necessity for this emergency hearing has not been caused by a lack of due diligence on my part, but has been brought about only by the circumstances of this case. The issues presented by this matter have not been submitted to the Judge assigned to this case or any other Judge or Magistrate Judge of the Southern District of Florida prior hereto.

I further certify that I have made a bona fide effort to resolve this matter without the necessity of emergency action.

Dated this __11__ day of __June__. 20_19_.

Signature: _____

Printed Name: ___Adem Albra___

Florida Bar Number: ___Pro Se___

Telephone Number: _____

==================================================================================

## FOR CLERK'S OFFICE USE ONLY

I hereby certify that the Judge assigned to this case is unavailable for this emergency. (A copy of notification to the Clerk is on file). In accordance with the Court's Internal Operating Procedures, the matter has been assigned to the Honorable _____ through a blind random assignment process. The assignment of this emergency matter shall be of temporary duration, limited only to the immediate relief sought and the case for all other purposes or proceedings shall remain on the docket of the Judge to whom it was originally assigned.

[If Applicable] I hereby certify that the above Judge randomly assigned to this emergency is unavailable. (A copy of notification to the Clerk is on file). Therefore, in accordance with the Court's Internal Operating Procedures, the Honorable _____ has subsequently been assigned to the matter through a blind random assignment procedure. The assignment of this emergency matter shall be of temporary duration, limited only to the immediate relief sought and the case for all other purposes or proceedings shall remain on the docket of the Judge to whom it was originally assigned.

Dated this _____day of _____, 20_____.

STEVEN M. LARIMORE
Court Administrator · Clerk of Court

By: _____, Deputy Clerk